FILED
U.S. DISTRICT COURT

2008 SEP 12 AM 6:39

CLERK
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| | CV208-120 |
| COASTAL HEALTH DISTRICT d/b/a MCINTOSH COUNTY HEALTH DEPARTMENT, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 (hereinafter referred to as the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Margie Washington and Jennifer Warren, who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Coastal Health District doing business as McIntosh County Health Department (hereinafter referred to as "Defendant") unlawfully terminated Washington and Warren from their positions for which they were qualified because of their age in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Brunswick Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Defendant has continuously been a health

services operation doing business in the State of Georgia and the city of Townsend and has continuously maintained at least twenty (20) employees.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Margie Washington filed a charge with the Commission alleging violations of the ADEA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## AGE DISCRIMINATION CLAIM

8. Since at least May 2005, the Defendant has engaged in unlawful employment practices at its Townsend, Georgia location in violation of § 623(a)(1)

of the ADEA, 29 U.S.C. § 623(a)(1). The practices referenced above include discharging Washington and Warren because of their age.

9. The effect of the practices complained of in paragraph 8, above, has been to deprive Washington and Warren of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

10. The unlawful employment practices complained of in paragraph 8, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring the Defendant to pay appropriate back

wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest, to Washington and Warren.

D. Order the Defendant to make whole all individuals adversely affected by the unlawful practices described above by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including the reinstatement of Washington and Warren and/or an appropriate amount of front pay damages.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

[Jury Demand and Signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Robert K. Dawkins
Georgia Bar No.: 076206
Regional Attorney

Lakisha Duckett
Trial Attorney
Ga. Bar No. 231641

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office
100 Alabama Street, SW - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6815 - direct
(404) 562-6932 - general
(404) 562-6905 - facsimile

Atlanta District Office
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 Alabama Street, N.W.
Suite 4R30
Atlanta, Georgia 30303

OFFICIAL BUSINESS
Penalty for Private Use, $300

Scott L. Poff, Clerk of Court
UNITED STATES DISTRICT COURT
Southern District of Georgia, Brunswick Division
801 Gloucester Street
Brunswick, GA 31520