IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MCINTOSH COUNTY BOARD OF ) <br> HEALTH d/b/a MCINTOSH COUNTY ) <br> HEALTH DEPARTMENT and ) <br> GEORGIA DEPARTMENT OF ) <br> COMMUNITY HEALTH, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO: <br> 2:08-CV-00120-LGW-JEG |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC") against Defendant McIntosh County Board of Health d/b/a McIntosh County Health Department and Defendant Georgia Department of Community Health (hereinafter referred to as "Defendants") pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 626(b) (hereinafter referred to as the "ADEA").

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendants acted unlawfully by discharging Margie Washington because of her age in violation of the ADEA. Both Defendants filed their respective Answers to the EEOC's Complaint denying the allegations made by the Commission.

The Defendants deny all allegations made by the Commission in its Complaint, and disputes and denies any liability or wrongdoing. It is understood and agreed that the negotiation, execution, and entry of this Consent Decree, and the undertakings made by the Defendants hereunder, are in settlement and compromise of disputed claims of age discrimination in violation of the ADEA. All of the parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. COMPLIANCE

Defendants, including their officers, agents, managers and supervisors, shall exercise good faith in preventing age discrimination against any individual employed by Defendants, and shall exercise good faith in preventing unlawful retaliation against any person because that person is a beneficiary of this Consent

2

Decree, or has provided information or assistance, or has participated in any other manner, in any investigation or proceeding relating to this Consent Decree.

## II. NOTICES TO BE POSTED

Defendant Georgia Department of Community Health ("DCH"), Public Health ("PH") Division, shall keep posted at its facilities the notice required to be posted pursuant to Section 7(b) of the ADEA, and, for three (3) years immediately following the entry of this Decree, keep conspicuously posted a copy of the Notice attached to this Decree at its facilities. The posting required by this paragraph shall be conspicuously made next to EEO posters at the following locations: DCH-PH's central office as well as the lab, Skyland, and the Public Health District offices.

Defendant DCH shall certify the completion of the posting and instruction to the Commission within forty-five (45) days from the entry of this Consent Decree. All written certifications required by this Section shall be addressed to Robert Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant DCH shall not withhold the right of the Commission to enter upon its premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant

3

DCH shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## III. <u>REPORTING REQUIREMENT</u>

For the duration of the term of this Decree, Defendant DCH agrees that any complaint arising within the Division of Public Health, at any of its facilities or entities, and brought to the attention of management or human resources by any employee(s) against any other employee(s) or manager(s) alleging age discrimination shall be reported to the Regional Attorney in the Atlanta District Office. Every six months for the duration of this Consent Decree, Defendant DCH shall submit, in affidavit form, a summary report to the Regional Attorney of the EEOC Atlanta District Office specifying whether an employee has complained of age discrimination. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

4

(e) The name and title of the DCH official who learned of the complaint or report,

(f) What, if any, action was taken by DCH in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by DCH.

The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address. Defendant DCH shall also make all documents or records referring or relating to each summary report submitted to the Regional Attorney available for inspection and copying within ten (10) business days if the EEOC so requests.

## IV. <u>MONETARY RELIEF</u>

Defendants, in settlement of all alleged claims, shall provide to Charging Party Margie Washington the gross amount of $60,000. A copy of any check(s) to Mrs. Washington shall be mailed within five working days of their initial mailing to Robert Dawkins, Regional Attorney, in the EEOC Atlanta District Office, whose address is 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303. The parties agree that Ms. Washington shall assume full responsibility for the payment of any

5

and all appropriate taxes, interest and/or penalties, if any, on the amounts received or paid pursuant to this Agreement.

## V. TRAINING

Dr. Douglas Skelton and Sandra Swicegood, Director of Human Resources for the Coastal Health District, will review a PowerPoint presentation prepared by DCH, which will be approved by the EEOC, that will address principles of employment law and an employer's legal duties under various employment discrimination laws. The above referenced individuals shall confirm that they reviewed the PowerPoint presentation within ninety (90) days of the Court's entry of this Consent Decree.

## VI. COMPLIANCE OFFICIAL

Lisa Flagg, Office of General Counsel, shall be responsible for Defendant Georgia Department of Community Health's compliance with this Consent Decree, and shall also be responsible for coordinating and overseeing its compliance with this Consent Decree.

## VII. DISPUTE RESOLUTION PROCEDURE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before

seeking enforcement through the judicial process. The Commission will notify the Defendants in writing by certified mail to Lisa Flagg, Office of General Counsel, Georgia Department of Community Health, 2 Peachtree Street N.W., 40th Floor, Atlanta, GA, 30303 and/or Andrea Fuller-Ruffin, Director of Human Resources, Georgia Department of Community Health, 2 Peachtree Street N.W., 40th Floor, Atlanta, GA, 30303, if it has any reason to believe that any action or omission by either of the Defendants is in violation of the Consent Decree. The Defendant who is alleged to be in violation of the Consent Decree shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be

deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by this Section from being fully and completely processed in the manner described in this Section, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## VIII. OTHER ACTIONS

The EEOC shall not commence or prosecute against either Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arise out of EEOC Charge Number 115-2006-00085, the EEOC's investigation of the charge, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against either Defendant in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 7(b) of the ADEA on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto.

## IX. <u>TERM OF DECREE - PERIOD OF JURISDICTION</u>

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Decree, provided that all terms of this Decree have not been met prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if all terms of this Decree have not been met, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the EEOC has, prior to the expiration of said thirty-six (36) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the EEOC has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the thirty-six (36) month period have been resolved. Therefore, this Court shall retain

jurisdiction over this action as described above and shall dismiss this cause with prejudice in accordance with Court procedures.

## X. MISCELLANEOUS PROVISIONS

The EEOC and the Defendants shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the EEOC and the Defendants in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT:**

Counsel for Plaintiff:

s/Robert Dawkins
Robert Dawkins, Esq.
Regional Attorney
Georgia Bar No. 076206

EEOC - ATLANTA DISTRICT OFFICE
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - phone
(404) 562-6905 - fax

Counsel for Defendant McIntosh
County Board of Health d/b/a
McIntosh County Health
Department:                                    s/G. Todd Carter
                                                           G. Todd Carter, Esq.
                                                           Georgia Bar No. 113601

                                                           Brown Readdick Bumgartner
                                                           Carter Strickland & Watkins
                                                           P.O. Box 220
                                                           Brunswick, GA 31521


Counsel for Defendant Georgia
Department of Community Health:               s/Shelley S. Seinberg
                                                           Shelley S. Seinberg, Esq.
                                                           Georgia Bar No. 617056

                                                           Department of Law
                                                           40 Capital Square, S.W.
                                                           Atlanta, GA 30334


APPROVED, DONE, and SIGNED this 28 day of June, 2010.

                                                        Judge Lisa Godbey Wood
                                                        U.S. District Court of Georgia
                                                        Southern District of Georgia, Brunswick Division

## **N O T I C E**

1. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

2. Georgia Department of Community Health supports such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

3. This notice will remain posted for thirty-six (36) months.

   Signed this _____ day of _____, 2010.

   _____
   On Behalf of Georgia Department of Community Health